**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Bob Mills Furniture Co., L.L.C., an Oklahoma Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> Ashley Furniture Industries, Inc., a Wisconsin Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. CIV-17-59-HE ) ) ) ) ) ) |

## COMPLAINT

1. Plaintiff, Bob Mills Furniture Co., L.L.C. ("Bob Mills"), for its causes of action against Defendant, Ashley Furniture Industries, Inc. ("Ashley Furniture" or "Defendant"), alleges and states as follows:

### NATURE OF ACTION

2. This is an action for injunctive relief and monetary damages arising out of Defendant's trademark infringement, unfair competition and deceptive and unfair trade practices.

### PARTIES, JURISDICTION & VENUE

3. Bob Mills is an Oklahoma limited liability company having a principal place of business at 3600 W. Reno, Oklahoma City, Oklahoma, 73107.

4. Upon information and belief, Ashley Furniture is a Wisconsin corporation having its principal place of business at 1 Ashley Way, Arcadia, Wisconsin, 54612.

5. This Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331and 28 U.S.C. § 1338(a) because it arises under the Lanham Act, 15 U.S.C. § 1052 *et. seq.* Jurisdiction over the state law causes of action are proper under 28 U.S.C. §

1

1338(b) and § 1367(a) because they are joined with substantial and related claims under the federal Lanham Act and/or are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.  This Court has personal jurisdiction over Defendant because maintaining this action in Oklahoma will not offend traditional notions of fair play and substantial justice and/or Defendant has committed one or more tort(s) underlying this action in whole or in part within Oklahoma.

7.  Venue is appropriate pursuant to 28 U.S.C. §§ 1391(b)-(c) because, upon information and belief, Defendant does business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND

### I.  Bob Mills & the SMARTBUY Trademark.

8.  Bob Mills is an Oklahoma limited liability company that provides retail furniture store services which include extended warranty services.

9.  Bob Mills offers its extended warranty services under the well-known service mark SMARTBUY, which is owned by Bob Mills.

10.  Bob Mills has used the SMARTBUY service mark in commerce in connection with extended warranty services since at least as early as June of 2008.

11.  Bob Mills is the owner of U.S. Trademark Registration No. 4,636,008 for SMARTBUY for use in connection with "extended warranty services, namely, service contracts" within International Class 036, which registered November 11, 2014. A true and correct copy of this registration is attached as Exhibit 1.

12. The service mark and registration referenced in paragraphs 9 through 11 above are collectively referred to herein as the "Smartbuy Mark."

13. Bob Mills has incorporated the Smartbuy Mark in its business and in connection with advertisements for the same as a result of which Bob Mills has developed valuable goodwill in the Smartbuy Mark which is recognized in the minds of consumers as designating Bob Mills as the source of the services provided therewith.

II. **Defendant's Wrongful Appropriation of the Smartbuy Mark.**

14. Defendant is a competitor of Bob Mills that also offers retail furniture store services in numerous locations, including this District.

15. As part of its competing business, Defendant offers products under the designation SMART BUYS (the "Infringing Mark").

16. Defendant uses the Infringing Mark at its website located at www.ashleyfurniturehomestore.com and, upon information and belief, at its retail locations.

17. The only differences between the Infringing Mark and the Smartbuy Mark are (1) a space between the literal elements SMART and BUY; and (2) that BUY is in the plural form.

18. The Infringing Mark is used in connection services that are in direct competition with and/or related to services offered under the Smartbuy Mark.

19. Defendant's advertising of services under the Infringing Mark targets the same prospective consumers as Bob Mills's advertising of services under the Smartbuy Mark.

20. Upon information and belief, Defendant did not use the Infringing Mark or a legal equivalent thereof until after 2008.

3

21. Defendant offers and advertises its services and sells its corresponding products under the Infringing Mark in the State of Oklahoma and this District.

22. The Infringing Mark is confusingly similar to the Smartbuy Mark and is used to offer services in direct competition with Bob Mills's to the same prospective customers as Bob Mills's, using the same channels of trade utilized by Bob Mills, thereby violating Bob Mills's rights in the Smartbuy Mark.

23. Contemporaneous use of the Smartbuy Mark and the Infringing Mark is likely to cause confusion or mistake or deception by and among consumers as to the source of the goods and services offered in connection with those marks.

24. Bob Mills has contacted Defendant and demanded, *inter alia*, that Defendant cease and desist from its use of the Infringing Mark.

25. Despite Bob Mills's demand, Defendant continues to advertise and offer its services under the Infringing Mark in its retail locations and on its website accessible to IP addresses viewable in the State of Oklahoma and this District.

## COUNT I

## TRADEMARK INFRINGEMENT

26. Bob Mills re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

27. The Smartbuy Mark is a valid, protectable trademark to which Bob Mills owns all right, title, and interest.

28. The Smartbuy Mark is the subject of U.S. Trademark Registration No. 4,636,008.

29. Defendant's use of the Infringing Mark and marks confusingly similar to the Smartbuy Mark in association with Defendant's goods and services infringes on Bob Mills's rights in and to the Smartbuy Mark in violation of 15 U.S.C. § 1114.

30. Defendant's use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of the corresponding goods and/or services provided therewith, and to mislead the public into believing that Defendant is affiliated, connected, and/or associated with Bob Mills, and/or that Bob Mills's goods and services originate from, are sponsored by, are endorsed by, and/or are somehow approved by Bob Mills.

31. As a result of Defendant's unlawful conduct, and because of the likelihood of confusion engendered by Defendant, Bob Mills has been and will continue to be damaged in an amount to be determined at trial.

32. Defendant's activities have caused and will cause irreparable harm to Bob Mills for which Bob Mills has no remedy at law in that, if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the goods and services provided by Defendant, and any infringement by Defendant constitutes an interference with Bob Mills's goodwill and customer relationships.  As a result, Bob Mills is entitled to an injunction prohibiting Bob Mills's use of the Infringing Mark.

33. As a result of the foregoing, Bob Mills is entitled to an award of its damages, as well as Defendant's profits, and, upon information and belief, Defendant's actions are and have been in bad faith, willful and/or conscious or reckless disregard of Bob Mills's rights, such that this is an exceptional case for which Bob Mills is entitled to treble damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT II

## UNFAIR COMPETITION / FALSE ADVERTISING/ FALSE DESIGNATION OF ORIGIN

34. Bob Mills re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

35. The Smartbuy Mark is a valid, protectable mark to which Bob Mills owns all right, title, and interest.

36. Defendant's use of the Infringing Mark and marks confusingly similar to the Smartbuy Mark is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of Defendant and Defendant's services and to mislead the public into believing that Defendant and Defendant's services are affiliated, connected, or associated with Bob Mills, and that Defendant's services originate from, are sponsored by, are endorsed by, or are somehow approved by Bob Mills.

37. Defendant's use of the Infringing Mark constitutes a false designation of origin, false description, and false representation that the goods and/or services provided by Defendant originated from, are sponsored, approved, and/or authorized by Bob Mills, and is likely to cause confusion, or to cause mistake, and/or to deceive in violation of 15 U.S.C. § 1125(a).

38. As a result of Defendant's unlawful conduct, and because of the likelihood of confusion engendered by Defendant, Bob Mills has been and will continue to be damaged in an amount to be determined at trial.

39. Defendant's activities have caused and will cause irreparable harm to Bob Mills for which Bob Mills has no remedy at law in that, if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of

6

the services provided by Defendant, and any infringement by Defendant constitutes an interference with Bob Mills's goodwill and customer relationships.  As a result, Bob Mills is entitled to an injunction prohibiting Defendant's use of the Infringing Mark.

40. As a result of the foregoing, Bob Mills is entitled to an award of its damages, as well as Defendant's profits, and, upon information and belief, Defendant's actions are and have been in bad faith, willful and/or conscious or reckless disregard of Bob Mills's rights, such that this is an exceptional case for which Bob Mills is entitled to treble damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

41. Bob Mills re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

42. Defendant's use of the Infringing Mark and marks confusingly similar to the Smartbuy Mark in association with Defendant's services infringes on Bob Mills's rights in and to the Smartbuy Mark in violation of the same.

43. Defendant's use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of the corresponding services provided therewith, and to mislead the public into believing that Defendant is affiliated, connected, and/or associated with Bob Mills, and/or that Defendant's services originate from, are sponsored by, and/or are somehow approved by Bob Mills.

44. As a result of Defendant's unlawful conduct, and because of the likelihood of confusion engendered by Defendant, Bob Mills has been and will continue to be damaged in an amount to be determined at trial.

45. Defendant's activities have caused and will cause irreparable harm to Bob Mills for which Bob Mills has no remedy at law in that, if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the services provided by Defendant, and any infringement by Defendant constitutes an interference with Bob Mills's goodwill and customer relationships. As a result, Bob Mills is entitled to an injunction prohibiting Defendant's use of the Infringing Mark.

46. Upon information and belief, Defendant's actions are and have been in bad faith, willful and/or conscious or reckless disregard of Bob Mills's rights, such that Bob Mills is entitled to punitive damages.

## COUNT IV

## DECEPTIVE TRADE PRACTICES

47. Bob Mills re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

48. Defendant has, in the course of business, and through the above-described acts, willfully and falsely associated Defendant's goods and services with the Smartbuy Mark in violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 *et seq*.

49. As a result of Defendant's unlawful conduct, Bob Mills has been and will continue to be damaged in an amount to be determined at trial.

50. Defendant's activities have caused and will cause irreparable harm to Bob Mills for which Bob Mills has no remedy at law in that, if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the goods provided by Defendant, and any infringement by Defendant constitutes an

interference with Bob Mills's goodwill and customer relationships. As a result, Bob Mills is entitled to an injunction prohibiting Defendant's use of the Infringing Mark.

51. As a result of the foregoing, Bob Mills is entitled to an award of its damages, as well as Defendant's profits.

52. Upon information and belief, Defendant's unlawful acts have been willful such that Bob Mills is entitled to exemplary damages.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

53. Bob Mills re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

54. The foregoing acts of Defendant permit Defendant to benefit from the goodwill and reputation of Bob Mills and to obtain access to customers and sales from which Defendant would not otherwise benefit.

55. By using marks confusingly similar or identical to the Smartbuy Mark in association with Defendant's services, Defendant is unfairly competing with Bob Mills in violation of common law, which has caused and will continue to cause Bob Mills damage in an amount to be determined at trial.

56. Defendant's activities have caused and will cause irreparable harm to Bob Mills for which Bob Mills has no remedy at law in that, if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the goods provided by Defendant, and any infringement by Defendant constitutes an interference with Bob Mills's goodwill and customer relationships. As a result, Bob Mills is entitled to an injunction prohibiting Defendant's use of the Infringing Mark.

57. As a result of the foregoing, Bob Mills is entitled to an award of its damages, as well as Defendant's profits.

58. Upon information and belief, Defendant's unlawful acts have been intentional, knowing, willful, in bad faith and/or in conscious and reckless disregard for the rights of Bob Mills such that Bob Mills is entitled to exemplary damages.

## COUNT VI

## COUNTERFEIT TRADEMARK

59. Bob Mills re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

60. The Smartbuy Mark constitutes protectable intellectual property under Oklahoma's Trademark Anti-Counterfeiting Act, 21 Okla. Stat. § 1990 *et seq.*

61. Defendant's aforementioned knowing, intentional and unpermitted use, reproduction and/or copying of Bob Mills's intellectual property, constitutes use of one or more counterfeit marks in violation of Oklahoma's Trademark Anti-Counterfeiting Act.

62. Defendant's aforementioned acts have caused and will cause Bob Mills to sustain injury, loss, and damage.

63. As a result, Bob Mills is entitled to its actual damages caused by Defendant's violation of Oklahoma's Trademark Anti-Counterfeiting Act in an amount to be proven at trial as well as treble damages, the costs of suit, and an award of its attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Bob Mills requests the Court enter judgment in its favor as follows:

A. Judgment be entered in favor of Bob Mills against Defendant as to each of the above counts;

B. Defendant, and its respective agents, employees, successors and assigns, and all persons acting in concert or participation with Defendant, be permanently enjoined from using the Infringing Mark and/or any trademarks or designations of source confusingly similar to the Smartbuy Mark in any form and manner, and be permanently enjoined from any and all other conduct which is likely to cause confusion or to cause a mistake or deceive as to affiliation, connection or association among Defendant with Bob Mills and/or as to the origin, sponsorship or approval of Defendant's services by Bob Mills;

C. Defendant be ordered to cease and desist all use of the Infringing Mark, whether online or otherwise, and to remove and deliver for destruction all signs, labels, displays, literature, recorded commercials, advertising or other material or tangible things in its possession or control, or its agents or employees' possession or control, that incorporate or use the Infringing Mark, or any other designation that is confusingly similar to the Smartbuy Mark;

D. Defendant be ordered to publish corrective advertising to correct the confusion created and to prevent Defendant from further benefiting from the goodwill and strength of the Smartbuy Mark;

E. Defendant be required to pay such damages as Bob Mills has sustained as a consequence of Defendant's unlawful acts, as well as to disgorge such profits that Defendant has earned as a result of its unlawful acts;

F. Bob Mills be awarded exemplary damages for Defendant's willful and malicious acts in reckless disregard of Bob Mills's rights;

G. Defendant be required to pay Bob Mills's costs, expenses, and reasonable attorneys' fees in connection with this action; and

H. Such other and further relief as this Court may deem appropriate and just.

Respectfully submitted,

*s/Zachary A.P. Oubre*
Zachary A.P. Oubre, OBA #30666
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
zach.oubre@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF**